UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:22-cv-01668-KKM-CPT

**KATHERINE DEARMOND,**

    Plaintiff,

v.

**ALLTRAN FINANCIAL LP,**

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
IN SUPPORT OF REMAND FOR LACK OF JURISDICTION**

Katherine Dearmond ("Plaintiff"), through undersigned counsel, submits this Response to the Order to Show Cause (Doc. 8) issued by this Court and states:

1. On July 29, 2022, this Court issued the Show Cause Order the subject of this Response, wherein the Court stated:

> Parties are directed to show cause, no later than August 10, 2022, and in briefs no longer than ten pages each, why the Court should not remand this case for lack of jurisdiction. Specifically, they should address whether Plaintiff plausibly alleges an injury-in-fact. *See Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988 (11th Cir. 2022) ("When a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's only option is to remand back to state court.").

Doc. 8 (the "Show Cause Order")

2. As elaborated below, Plaintiff does not oppose remand for lack of

jurisdiction because Alltran Financial LP ("Defendant"), as the party responsible for invoking this Court's jurisdiction, bears the burden of establishing the three elements of standing, *i.e.*, the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. Defendant carries these burdens at all stages of this litigation, and at this stage, Defendant has neither satisfied the standing burden it now carries, nor the overarching subject matter jurisdiction burden.

## GOVERNING STANDARDS

3. "Where state and federal courts share subject matter jurisdiction, a removal statute may provide the procedural mechanism for transferring a case from one court to another, but the removal statute is not the source of subject matter jurisdiction." Orange Cty. Water Dist. v. Unocal Corp., 584 F.3d 43, 49 (2d Cir. 2009).

4. In the context of remand, "the removing party shoulders the burden of establishing federal subject-matter jurisdiction." Bowling v. United States Bank Nat'l Ass'n, 963 F.3d 1030, 1034 (11th Cir. 2020) (*citing* Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009)).

5. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely

to redress it. **The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation**." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (emphasis added) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

6. Pursuant to 28 U.S.C. 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

7. Pursuant to 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## ARGUMENT

8. With respect to the present matter, Defendant exercised the procedural mechanism of 28 U.S.C. § 1441(a) to remove Plaintiff's case from Hillsborough County Court to this Court and, in so doing, invoked the jurisdiction of this Court. Indeed, Defendant is not required to establish the existence of subject matter jurisdiction, nor the subcategory of Article III standing, to exercise the removal mechanism – *however* – as the party responsible for invoking this Court's jurisdiction *via* the procedural mechanism of 28 U.S.C. § 1441(a), Defendant carries both the burden of establishing subject matter jurisdiction for and, significantly, the

more particularized burden of standing at this stage of the litigation.

9. Defendant, as the party responsible *at this stage* for bearing the burden of establishing each of the three elements of standing *and* the overarching burden of federal subject matter jurisdiction, has failed to meet these burdens. Defendant must satisfy these burdens if Defendant opposes remand. Otherwise, this Court must remand this case to state court.

## CONCLUSION

10. Plaintiff, respectfully, responds to the Show Cause Order by indicating that Plaintiff *does not* oppose remand. Defendant, as the removing party, is responsible for bearing the burden of establishing each of the three elements of standing and the overarching burden of federal subject matter jurisdiction. As of this submission, however, Defendant has not established, *inter alia*, that Plaintiff has Article III standing. Thus, remand is just and appropriate.

DATED: August 10, 2022

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 10, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
