UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHERINE DEARMOND,

    Plaintiff,

                                      Case No. 8:22-cv-01668-KKM-CPT

v.

ALLTRAN FINANCIAL LP,

    Defendant.

                                 /

**DEFENDANT, ALLTRAN FINANCIAL LP'S,
BRIEF ON ARTICLE III STANDING**

Defendant, Alltran Financial LP (Alltran), through counsel and pursuant to this Court's order (Dkt. 8), provides this brief showing this Court has Article III standing based upon the allegations, and states:

### I.  INTRODUCTION

On June 20, 2022, plaintiff filed this action in Florida state court alleging Alltran violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, by sending plaintiff a collection letter containing false and misleading statements. *See* Dkt. 1-1. Specifically, plaintiff alleges Alltran violated 15 U.S.C. § 1692e(10) by falsely stating plaintiff could "Save Money by Taking Advantage of This Offer" without also explaining the consequences of accepting a settlement. *Id.*

On July 29, 2022, following removal, the Court ordered the parties to brief "why the Court should not remand this case for lack of jurisdiction. Specifically, they should address whether plaintiff plausibly alleges an injury-in-fact." *See* Dkt. 8. As set forth below, however, this Court has held because Section 1692e confers substantive, versus procedural rights, this Court has Article III jurisdiction over cases involving alleged violations of Section 1692e, like here.

## II.     ARGUMENT AND AUTHORITIES

To establish standing, the plaintiff must have "(i) [] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021). "'Injury in fact' is the first of three 'irreducible' requirements for Article III standing." *Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1189 (M.D. Fla. 2019) (*citing Spokeo, Inc. v. Robins, 578 U.S. 330, 333, 136 S. Ct. 1540, 1544, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016)*) (Thomas, J., concurring) (*quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)*). "To establish standing, an injury in fact must be concrete." *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019) (*citing Spokeo*, 136 S. Ct. at 1548).

As this court explained in *Gause*, in determining whether a statutory violation results in a concrete injury in fact, courts consider both the "history and the judgment of Congress." *Gause*, 424 F. Supp. 3d 1175, 1190 (M.D. Fla. 2019). When plaintiff's standing is predicated on a violation of a statutorily created right, his standing to sue turns on whether such a right is substantive or merely procedural.[1]  *Id.*; *See, e.g., Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 n.2 (11th Cir. 2016) (per curiam).[2]

In *Gause*, the court recognized, "An overwhelming majority of courts have determined section 1692e [ ] of the FDCPA provides substantive rights to consumers that necessarily protect their Congressionally recognized, concrete interests in being free from abusive debt collection practices, and that violations of

---

[1] "[S]tanding based on a violation of a statutorily created right turns on whether such a right is substantive or merely procedural." *Napolitano v. Ragan & Ragan*, No. 3:15-cv-2732-FLW, 2017 WL 3535025, at *5 (D.N.J. Aug. 17, 2017) (Wolfson, J.) (FDCPA); "[T]here is a meaningful distinction between the direct violation of a specific statutory interest that Congress has recognized ... and an ancillary procedural infraction that may or may not materially harm that interest.  The former, if sufficiently alleged, establishes concrete injury for purposes of Article III, whereas the latter, under *Spokeo* ... requires a 'real risk of harm' to the underlying right to ensure that the plaintiff does not seek relief for a 'bare procedural violation' that is not constitutionally cognizable."  *Bautz v. ARS Nat'l Servs., Inc.,* 226 F. Supp. 3d 131, 141 (E.D.N.Y. 2016) (FDCPA).

[2] The court explained, if a court determines, on the one hand, the statutory provision creates a technical, procedural requirement, it must then determine whether the plaintiff has clearly alleged the violation of that procedure harmed or presented an appreciable risk of harm to the underlying interest(s) that Congress sought to protect by enacting the statute. *Gause*, 424 F. Supp. 3d 1175, 1197–98.  If so, then the plaintiff need not allege any additional harm – pecuniary or otherwise – beyond the one identified by Congress. *Id*.  If not, then he must. *Id*.  On the other hand, if a court determines the statutory provision at issue confers one or more substantive rights, the plaintiff need only allege the infringement of the statute itself, as the infringement of the right(s) conferred by the statute invariably harms the interest(s) the statute was enacted to protect and thus ipso facto constitutes a concrete injury in fact. (*emphasis added*) *Id*.

the statutes' provisions therefore give rise to concrete injuries sufficient to confer Article III standing." *Gause*, 424 F. Supp. 3d 1175, 1198 (M.D. Fla. 2019). *See, e.g., Walker v. Lamb*, No. 4:18-cv-04094-SOH, 2019 WL 542328, at *5–7 (W.D. Ark. Feb. 11, 2019) (Hickey, J.) ("Defendants' alleged violation of section 1692e(10) concerns a substantive right and constitutes a sufficiently concrete harm for purposes of Article III standing."); *Hovermale v. Immediate Credit Recovery, Inc.*, No. 1:15-cv-5646-RBK-JS, 2018 WL 6322614, at *4 (D.N.J. Dec. 4, 2018) (Kugler, J.) ("Section 1692e provides a substantive, and not merely procedural, statutory right under the FDCPA to be free from receiving allegedly false or deceptive information relating to the collection of a debt. In fact, the trend in this district favors finding concrete injury when Section 1692e violations are alleged.... [W]hen a debt collector violates Section 1692e by providing false or misleading information, the informational injury that results – i.e. receipt of that false or misleading information – constitutes a concrete harm under *Spokeo*.") (internal quotations and citation omitted); *Watkins v. Inv. Retrievers, Inc.*, No. 2:17-cv-1348-KJM-CKD, 2018 WL 558833, *3 (E.D. Cal. Jan 23, 2018) (Mueller, J.) (quoting *Spokeo*, 136 S. Ct. at 1554 (Thomas, J., concurring)) ("[Sections 1692e and 1692f] do not merely impose procedural requirements upon debt collectors, but instead 'create a private duty owed personally to' a consumer by a debt collector to refrain from using false, deceptive, or misleading means or

representations in attempting to collect a debt."); *Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229, 1235 (S.D. Fla. 2017) (Bloom, J.) (holding the plaintiff's allegations that the debt collector violated sections 1692e(10) and 1692f(8) were sufficient to establish a concrete injury-in-fact); *Guerrero v. GC Servs. Ltd. P'ship*, No. 2:15-cv-7449-DRH-AKT, 2017 WL 1133358, at *10 (E.D.N.Y. Mar. 23, 2017) (Tomlinson, J.) ("[T]the majority of post-*Spokeo* decisions which have analyzed standing within the context of the FDCPA have determined that, unlike the FCRA section at issue in *Spokeo*, which contains only procedural requirements, the FDCPA creates a substantive right, the violation of which would itself give rise to a concrete injury.").[3]

Here, plaintiff alleges a statutory violations of 15 U.S.C. § 1692e(10). *See* Dkt. 1-1. Thus, the Middle District's decision in *Gause* supports Article III standing here. In *Gause*, the plaintiff brought an FDCPA claim related to a collection letter that stated, in pertinent part, "[w]e report to multiple Credit Bureaus bi-weekly. This delinquent balance could prevent you from obtaining credit when you need it in the future." The plaintiff alleged the defendant violated

---

[3] Moreover, courts have held section 1692e's prohibitions on providing false statements or utilizing unfair means in order "to induce a person to part with money bear[ ] a close resemblance to traditional causes of action for fraud and deceit, and protect[ ] interests previously recognized at law." *Gause*, 424 F. Supp. 3d 1175, 1199; *see also Griffin v. Andrea Visgilio-McGrath, LLC*, No. 2:17-cv-6-KCM-MAH, 2017 WL 3037387, at *6 (D.N.J. July 18, 2017); *Rodriguez v. Cascade Collections LLC*, 532 F. Supp. 3d 1099, 1110 (D. Utah 2021) (Further, the practices outlined in these sections resemble behavior that would be actionable as fraud under the common law.).

1692e(10) by implicitly threatening to report the debt, which the plaintiff claimed was false and misleading. The *Gause* Court concluded "by alleging the Letter was false, deceptive, and misleading, and that it, as a whole, amounted to an unfair and unconscionable means of collection, the complaint clearly alleges a concrete injury in fact sufficient to confer standing to sue for violations of section 1692e and section 1692f of the FDCPA." Therefore, under the Court's rationale in *Gause*, adopted in several other courts, the plaintiff's alleged violations of 15 U.S.C. § 1692e(10) demonstrate this Court's Article III standing. *See generally Gause*, 424 F. Supp. 3d 1175, 1200.

### III.  CONCLUSION

WHEREFORE, Defendant, Alltran Financial LP, respectfully requests this Court find plaintiff sufficiently pled a concrete injury sufficient to give her Article III standing, and for such other relief as this Court deems proper.

Date: August 10, 2022

Respectfully submitted,

*/s/ Michael P. Schuette*
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 890-2472
Facsimile: (877) 334-0661

mschuette@sessions.legal<br>
dvanhoose@sessions.legal<br>
*Counsel for Defendant,*<br>
*Alltran Financial LP*

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of August 2022, a copy of the foregoing was filed electronically in the CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including counsel as described below.

Thomas Patti, Esq.<br>
Victor Zabaleta, Esq.<br>
Patti Zabaleta Law Group<br>
3323 Northwest 55th Street<br>
Fort Lauderdale, Florida 33309<br>
tom@pzlg.legal<br>
victor@pzlg.legal<br>
*Counsel for Plaintiff*

*/s/ Michael P. Schuette*
Attorney