UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHERINE DEARMOND,

    Plaintiff,

v.                                                       Case No: 8:22-cv-1668-KKM-CPT

ALLTRAN FINANICAL, LP,

    Defendant.
_____

## ORDER

    Katherine Dearmond sued Alltran Financial, LP, in Florida state court under 15 U.S.C. § 1692e(10), a statute more commonly known as the Fair Debt Collection Practices Act (FDCPA). Alltran removed this action, but the case is remanded for lack of subject matter jurisdiction.

    *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2214 (2021), establishes a basic principle: "No concrete harm, no standing." A plaintiff's complaint cannot only allege that the plaintiff received misleading information from a debt collector. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1005 (11th Cir. 2020). The plaintiff must allege (1) reliance on the misrepresentation and (2) damages. 964 F.3d at 1000.

    Dearmond claims that she received a misleading debt collection letter from Alltran and that the letter could deceive some consumers. (Doc. 1-1 at ¶¶ 22, 25–28,

31–34.) But Dearmond never alleges that she was deceived or suffered damages as a result of Alltran's debt collection letter. *See* (Doc. 1-1.)

In response to an earlier order to show cause, (Doc. 8.), Alltran argues that merely alleging a section 1692e(10) violation is alone sufficient to confer Article III standing. (Doc. 15 at 5.) However, Congress cannot create a federal claim without an injury-in-fact that meets the constitutional requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016); *TransUnion*, 141 S. Ct. at 2206. The injury must "have a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 141 S. Ct. at 2204. *Trichell* already instructs that "the common law furnishes no analog to" a section 1692e claim asserted without allegations of reliance and damages. 964 F.3d at 998. In *Trichell*, the plaintiffs alleged that Midland Credit Management sent them misleading debt collection letters and that the letters could deceive some consumers. But the plaintiffs failed to demonstrate Article III standing because they never alleged that they were misled by Midland's letters. 964 F.3d at 994. Dearmond's complaint suffers from the same defect.

Under *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022), this action is **REMANDED** to the Circuit Court for Hillsborough County, Florida, and the clerk must **TRANSMIT** a certified copy of this order to the clerk of that court; **TERMINATE** any pending motions and deadlines; and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 16, 2022.

3

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE